DA 10-0001

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 153N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SHAWN EARL McCLURE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 08-159B
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

Marty Lambert, Gallatin County Attorney, Ashley Whipple, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs: June 15, 2010

Decided: July 13, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shawn Earl McClure (McClure) appeals from the jury verdict and judgment convicting him of felony partner or family member assault. We affirm.

¶3 McClure's first trial on the charge of felony partner or family member assault resulted in a hung jury. McClure represented himself at the beginning of his second trial. During voir dire, McClure violated the District Court's order in limine that prohibited McClure from telling the jury that there had been a prior trial in this matter. The District Court had previously warned McClure that if he violated the order or disrupted the trial, he would lose his right to represent himself and might also be removed from the courtroom. The District Court subsequently determined that McClure had forfeited and waived his right to represent himself and appointed an attorney to proceed with McClure's defense. McClure was removed from the courtroom shortly thereafter because he made a number of disruptive and inappropriate remarks. The District Court concluded that McClure's remarks had prejudiced the jury and proceeded to declare a mistrial.

¶4 McClure appeared with counsel at the beginning of his third trial. McClure stated that he did not wish to attend or participate in his trial. The District Court told McClure that he could watch his trial by video from another room but McClure refused. McClure reiterated that he "[a]bsolutely, positively" did not wish to be present. The court excused McClure and proceeded with the trial. The court eventually determined that it was in the interest of justice that the jury return its verdict in McClure's absence. McClure's counsel did not object. He stated that "as far as I know, [McClure] hasn't changed his mind about wanting to be present. I didn't go over and talk to him, but I'd be totally shocked if all of a sudden he says, I want to be there for the verdict." The District Court sentenced McClure to five years in Montana State Prison. McClure appeals.

¶5 McClure raises two issues on appeal. He argues, first, the District Court erred when it conducted the trial in his absence "without first obtaining his knowing, intelligent and voluntary waiver." Second, he maintains that the District Court denied him the right to represent himself during his third trial.

¶6 The record in this case reflects that McClure failed to question or challenge the sufficiency of his waiver in District Court. We have previously stated that this Court will not put a trial court in error for an action in which the appealing party acquiesced or actively participated. *See e.g. State v. Hurlbert*, 2009 MT 221, ¶ 28, 351 Mont. 316, 211 P.3d 869. One exception to the general rule that we will not consider arguments raised for the first time on appeal is the doctrine of "plain error" review. *See e.g. State v. Rovin*, 2009 MT 16, ¶ 29, 349 Mont. 57, 201 P.3d 780. However, McClure has not argued for

the applicability of the plain error doctrine in this case. We therefore decline to address this issue for the first time on appeal.

¶7 With respect to McClure's second argument, the record is devoid of any request by McClure to represent himself at the third trial. A request to proceed pro se must be unequivocal. *State v. Craig*, 274 Mont. 140, 151, 906 P.2d 683, 692 (1995). Here there was no such request, much less an unequivocal one. Accordingly, we decline to consider McClure's arguments on appeal with respect to this issue.

¶8 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit.

¶9 Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE